UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 96-42 (RCL) |
| v. ) | |
| ) | **FILED** |
| DANNY B. ARMSTEAD ) | |
| ) | DEC 10 2012 |
| Defendant. ) | |
| ) | Clerk, U.S. District and Bankruptcy Courts |

## MEMORANDUM AND ORDER

Now before the Court is defendant Danny Armstead's *pro se* Motion to Seal Records. For the reasons set forth below, the Court will deny the motion.

Defendant asks the Court to seal his criminal case. In support of his Motion, Mr. Armstead avers that he has successfully completed six years of supervised release, has had no criminal convictions in the last eight years, and that he seeks this sealing order so that he may adopt a child. The Court congratulates Mr. Armstead on his successful rehabilitation and praises his desire to adopt a child, which the Court believes is a highly honorable goal. However, the Court is restrained by the law, and the law here does not permit the Court to grant Mr. Armstead's request.

"The First Amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287 (1991) (citations omitted). The protection of a defendant or witness's life, the integrity of an ongoing investigation, and assuring that a defendant can receive a fair trial are examples of compelling reasons for temporarily sealing cases or documents. None of those interests are triggered here.

Moreover, Mr. Armstead's motion effectively seeks expunction of his criminal record. Although it is within a court's inherent equitable powers to expunge criminal records, *cf. Doe v.*

1

*Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1978), expunction is limited to only those situations where it is necessary to protect basic legal rights, *In re Reid*, 569 F. Supp. 2d 220, 222 (D.D.C. 2008). In making such a determination, a court must weigh an individual's privacy rights against law enforcement officers' right to perform their duties. *Reid*, 569 F. Supp. 2d at 222. Indeed, as the D.C. Circuit has explicitly noted, "[t]he government . . . ha[s] a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations." *Webster*, 606 F.2d at 1243. An individual's privacy rights will generally prevail only in those cases where there was no probable cause coupled with extreme circumstances, where there has been a flagrant constitutional violation, or where some other "unusual and extraordinary circumstance[]" is present. *Id.* at 1230–31 (collecting cases). This analysis is functionally equivalent whether the defendant requests his records expunged or sealed. *See id.* at 1233.

The defendant seeks to have his record expunged or sealed so that he may adopt a child. Although this is a laudable goal, it is not grounds for expunction. *Cf. Reid*, 569 F. Supp. 2d at 222 (determining that inability to obtain work as a result of a criminal conviction is not a basis for relief). It is therefore hereby

**ORDERED** that the defendant's motion and this Order be filed on the public docket; and it is further

**ORDERED** that the Motion to Seal is **DENIED**.

**SO ORDERED** this _7th_ day of December 2012

_Royce C. Lamberth_
ROYCE C. LAMBERTH
Chief Judge
United States District Court